IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOHN FERDINAND FREITAS, | ) | CIVIL NO. 19-00228 JAO-WRP |
|---|---|---|
| Petitioner, | ) | ORDER DISMISSING ACTION |
| vs. | ) | |
| HIROMICHI KOBAYASHI, | ) | |
| Respondent. | ) | |

## **ORDER DISMISSING ACTION**

Petitioner John Ferdinand Freitas ("Petitioner") is incarcerated at the Federal Detention Center ("FDC") in Honolulu, Hawai'i. He filed a Writ of Mandamus Pursuant to 28 U.S.C. § 1361 on May 1, 2019. Many of the allegations in the Writ overlap with the allegations in his Petition for Writ of Habeas Corpus in Civil No. 19-00203 JAO-WRP. Indeed, Petitioner treats the cases as associated, filing identical documents in both.

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy, *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998), and is only available when "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary,

1

ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (citation omitted).

The Writ is frivolous. Petitioner in effect asks the Court to compel action with respect to claims asserted in his Habeas Petition Civil No. 19-00203 JAO-WRP. Even if a Writ of Mandamus could be used for this purpose (which it cannot), the Court dismissed the Habeas Petition.

Moreover, Petitioner failed to comply with the Deficiency Order issued on May 1, 2019, ECF No. 3, which ordered him to pay the $350.00 statutory filing fee and the $50.00 administrative fee or submit a fully completed in forma pauperis application by May 29, 2019. Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/

respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

The Court finds that the *Pagtalunan* factors (1)-(4) support dismissal. The Court directed Petition to pay the applicable filing fees or an in forma pauperis application by May 29, 2019 and cautioned Petitioner that failure to do so would result the automatic dismissal of the action pursuant to FRCP 41(b). Petitioner instead submitted $5.00, which is the filing fee for a habeas petition. To date, he has not submitted the balance of the filing fee or submitted an in forma pauperis application. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed. Accordingly, the Court DISMISSES this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 7, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00203 JAO-WRP; *Freitas v. Kobayashi*; ORDER DISMISSING ACTION